THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DOROTHY C. KIM
Assistant United States Attorney
Public Integrity & Environmental
    Crimes Section
California Bar Number: 206333
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3779
    Facsimile: (213) 894-6436

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           )  CR No. CR08-00219
                                    )
                Plaintiff,          )  <u>PLEA AGREEMENT FOR DEFENDANT</u>
                                    )  <u>T&L TRADING, INC.</u>
           v.                       )
                                    )
T&L TRADING, INC.,                  )
                                    )
                Defendant.          )
                                    )
                                    )

   1.  This constitutes the binding plea agreement between T&L TRADING, INC. ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities. The parties enter into the following Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

## PLEA TO INFORMATION

2. Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a single-count information that charges defendant with introducing goods by means of a false statement, in violation of 18 U.S.C. § 542.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count one, which charges a violation of Title 18, United States Code, Section 542, the following must be true: (1) defendant knowingly entered merchandise into the commerce of the United States; (2) defendant did so by means of a false declaration; (3) defendant knew the declaration was false; and (4) the declaration was material.

Under well-established principles of corporate liability and *respondeat superior*, as these principles apply in this case, the defendant is liable for the actions of its agents and employees. New York Central and Hudson River R.R. v. United States, 212 U.S. 481, 495 (1909); United States v. Beusch, 596 F.2d 871, 877 (9th Cir. 1979); United States v. Hilton Hotels Corporation, 467 F.2d 1000, 1004-07 (9th Cir. 1972).

## PENALTIES

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 542 is: a term of five years probation, pursuant to 18 U.S.C. § 3561(c)(1), a fine of $500,000, pursuant to 18 U.S.C. § 3571(c)(3), or twice the gross gain or gross loss resulting

from the offense, whichever is greatest, pursuant to 18 U.S.C. § 3571(d), and a special assessment of $400, pursuant to 18 U.S.C. § 3013(a)(2)(B).

## FACTUAL BASIS

5. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support a plea of guilty to the charge described in this agreement. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

At all times relevant to this plea agreement, defendant T&L TRADING, INC. was engaged in the business of importing seafood into the commerce of the United States.

Between on or before December 16, 2004, to at least April 8, 2005, on at least 23 separate occasions, defendant's employees and agents imported dried shark fins from Hong Kong, into the commerce of the United States. Some of the shipments were received by defendant at defendant's place of business, located at 1025 Carob Way, Montebello, California. Some of the shipments were received at the residence of one of defendant's agents and employees, located in La Puente, California. Each of the shipments, including a shipment imported into the United States on or about January 29, 2005, was described in a Customs declaration as being a "gift," when in truth and in fact, as defendant's employees and agents well knew, the shipment

3

contained merchandise, namely, dried shark fins, which defendant introduced into the commerce of the United States.

Defendant's employees and agents willfully and knowingly caused the making of the false declaration. The false declaration was material to the United States Bureau of Customs and Border Protection and the National Oceanic and Atmospheric Administration ("NOAA"), which regulate the entry of merchandise and marine life into the United States. Among other things, NOAA sent a sample of the dried shark fins for DNA analysis to the Guy Harvey Research Institute Oceanographic Center at Nova Southeastern University. The analysis cost $3,190.

## WAIVER OF CONSTITUTIONAL RIGHTS

6.   By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of legal counsel at trial.

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right, if defendant wished, to call witnesses to testify on defendant's behalf and to subpoena those witnesses to testify.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, constitutional claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

7. Defendant and the USAO agree and stipulate that, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and 8C2.10, the sentencing guidelines are not applicable in determining the fine for an organization.

8. Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2, defendant shall be sentenced to a term of organizational probation for five years, based upon the following factors set forth in 18 U.S.C. § 3553(a): The nature and circumstances of the offense and the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.

The terms and conditions of probation shall be:

    a) Defendant shall pay a total criminal fine of $60,000 as to count one of the information. $20,000 of the criminal fine shall be due immediately upon sentencing; $20,000 shall be due within six months of sentencing; and the remaining $20,000 shall be due within one year of sentencing.

    b) Defendant agrees that it shall commit no further violations of federal, state, or local law.

c)  If defendant changes its name, the renamed company shall be obliged to meet all of the obligations of defendant under this Agreement.  If defendant merges with another company through a stock or asset purchase, the newly-created or merged company shall be obliged to meet all of the obligations of defendant.

d)  Defendant stipulates and agrees to pay full restitution to the victims of the offense, including to any agency or organization for the costs incurred in sampling, analyzing, and investigating the violations at issue in this matter.  The parties currently believe that restitution will be $3,190, payable to the Guy Harvey Research Institute Oceanographic Center at Nova Southeastern University, for the DNA analysis it conducted on dried shark fins.

e)  Defendant agrees to pay to the Clerk of the United States District Court for the Central District of California on the date of sentencing (or as soon as the Court is able to accept the payment) the mandatory special assessment of $400 as to count one pursuant to 18 U.S.C. § 3013(a)(2)(B).

9.  The Court will determine the facts and calculations relevant to sentencing and decide whether to agree to be bound by this agreement.  Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

10. Defendant understands and agrees that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). So long as defendant does not breach the agreement, defendant may withdraw from this agreement and render it null and void if the Court refuses to be bound by this agreement. The USAO may, in its discretion, withdraw from this agreement and render it null and void if the defendant breaches this agreement or the Court refuses to be bound by this agreement.

## DEFENDANT'S OBLIGATIONS

11. Defendant agrees that it will:

  a) Plead guilty as set forth in this agreement.

  b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

  c) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

  e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

  f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

## THE USAO'S OBLIGATIONS

12. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees to abide by all sentencing stipulations contained in this agreement.

## BREACH OF AGREEMENT

13. If defendant, at any time between the execution of this agreement and defendant's sentencing, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be relieved of all of its obligations under the agreement.

14. Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that the applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; ii) the stipulated factual basis statement in this agreement; and iii) any evidence derived from such statements, are admissible against

defendant in any future prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

15. Defendant gives up the right to appeal any sentence imposed by the Court, including any order of restitution and the manner in which the sentence is determined, provided that the sentence is that agreed to in paragraph 8 above. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or a explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

16. The USAO gives up its right to appeal any sentence imposed by the Court, including any order of restitution, provided that the sentence is that agreed to in paragraph 8 above.

## COURT NOT A PARTY

17. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.

## NO ADDITIONAL AGREEMENTS

18. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

19. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

*Dory C. Kim*            Feb. 26, 2008
DOROTHY C. KIM            Date
Assistant United States Attorney

As an authorized representative of defendant T&L TRADING, INC., I have read this Agreement and carefully discussed every part of it with defendant's attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. Defendant's attorney has advised me of defendant's rights, of

10

possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to me or defendant other than those contained in this Agreement. No one has threatened or forced me or defendant in any way to enter into this Agreement. Finally, I am satisfied with the representation provided by defendant's attorney in this matter.

_____   2-20-08
Authorized Corp. Representative of         Date
defendant T&L TRADING, INC.

I am defendant's attorney. I have carefully discussed every part of this agreement with the authorized representative of defendant. Further, I have fully advised the authorized representative of defendant's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, the decision of defendant and its authorized representative to enter into this agreement is an informed and voluntary one.

_____   2/20/08
SANDRA APPLEBAUM, ESQ.                    Date
Counsel for Defendant
T&L TRADING, INC.

11

# CERTIFICATE OF SERVICE

I, __Sandy Ear__, declare:

That I am a citizen of the United States that my business address is Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of California, at whose direction the service by fax and mail described in this Certificate was made; that on __February 26, 2008__, I fax and deposited in the United States Courthouse at 312 North Spring Street, Los Angeles, California, in the above-entitled action, in an envelope,

a copy of: **PLEA AGREEMENT FOR DEFENDANT T&L TRADING, INC.**

addressed to:   Sandra Applebaum, Esq.
                Attorney at Law
                11706 E. Ramona Blvd., Suite 209
                El Monte, CA 91732

at her last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on __February 26, 2008__, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct and resident or employed in Los Angeles County, California.

_/s/ Sandy Ear_
SANDY EAR